## DIEHL MFG. CO. v. DAYTON FAN & MOTOR CO.

(Circuit Court, S. D. New York. May 4, 1901.)

PATENTS—INFRINGEMENT—ELECTRIC FANS.

The Diehl patent, No. 537,679, for an oil guard for electric fans, and the Bennett patent, No. 585,250, for a combined electric fan and electrolier, *held* valid, and infringed, on the strength of a prior adjudication or an application for a preliminary injunction.

In Equity. Suit for infringement of patents. On motion for preliminary injunction.

Livingston Gifford, for the motion.

A. H. Walker, opposed.

LACOMBE, Circuit Judge. As to patent No. 537,679, we start with the adjudication by Judge Cole in the Royce & Marean Case sustaining the validity of the patent, and so construing the claim as to cover a device which concededly (for the purpose of this motion) is to be taken as of the same character as is the one now alleged to infringe. Three patents are presented here as warranting a different conclusion from that reached by Judge Cole on the question of invention; 195,515, to Lefeldt and Letch; 425,995, to Diehl (patentee of the patent in suit); and 465,360, to Diehl & Bennett. The last of these was before Judge Cole. It discloses the whole combination of the patent in suit, except the inverted nonperforate oil cup or guard. Nevertheless, invention was found in the improvement, which, as the patent asserts, performs the double function of preventing oil from escaping outwardly, and of contributing to produce a reciprocal motion of the oil up and down between the two cups. Neither of the other two patents cited in defense shows an oil cup or guard combined to perform both these functions. If 465,360 was not a reference sufficient to defeat invention, the other two are not. Defendant contends that there is not, in fact, the circulation of oil which the patent asserts, but ex parte opinions of experts, with a brief reference to some undescribed experiments, are not persuasive to overcome the effect of an adjudication at final hearing.

As to the suggestion of laches in bringing suit to enjoin, the time occupied by the Royce & Marean litigation is not to be taken into account, the time which has elapsed since that decision is trifling in amount, and there is no evidence to show that complainant was advised of any infringement of this patent sufficiently extensive to call for some effort to check it so long before the first suit was brought as to make out a case of laches. As to the alleged estoppel by reason of notifying defendant in 1897 that it was infringing two named patents, the one in suit not being so named, it seems to be sufficiently disposed of by the circumstance that infringement of this patent was not then known.

As to No. 585,250, defendant insists that claim 5 is invalid, and that claim 1, although valid, is not infringed; but concedes that no new evidence has been produced, and that its devices are substantially the same as those before Judge Cole. The argument in support of these propositions is not so convincing as to induce a decision in this circuit court contrary to that rendered in the other case. Preliminary injunction may issue as prayed.